**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4619**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANKLIN GREGG,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:11-cr-00052-MHL-1)

Submitted:  February 28, 2019                           Decided:  April 16, 2019

Before KING and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Erik Sean Siebert, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin Gregg appeals the district court's order revoking his supervised release and sentencing him to five months in prison and two years of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Gregg's sentence is plainly unreasonable. Although notified of his right to file a supplemental brief, Gregg has not done so. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). Gregg's sentence does not exceed the applicable statutory maximum. Accordingly, the remaining question is whether the sentence is plainly unreasonable. "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (alteration in original) (internal quotation marks omitted). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e) (2012). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that Gregg's sentence is procedurally and substantively reasonable. The district court correctly identified his policy statement range, considered the relevant statutory factors,[*] and gave sufficiently detailed reasons for selecting its within-range sentence. Gregg had proven on multiple occasions to be unable or unwilling to abide by the terms of supervision. The court was specifically concerned with the number of second chances Gregg squandered by continually disobeying explicit instructions from his probation officer. The court expressed faith in Gregg's ability to succeed and

---

[*] The court also referenced the need to promote respect for the law, which is not one of the 18 U.S.C. § 3553(a) factors that courts consider in imposing a revocation sentence. *See* 18 U.S.C. § 3583(e). Although the court may not rely "predominately" on an impermissible factor in selecting a revocation sentence, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when [the factor is] relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Webb*, 738 F.3d at 642.

3

indicated that certain conditions of his new supervised release—such as securing employment and participating in moral recognition therapy—would help with this goal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gregg, in writing, of the right to petition the Supreme Court of the United States for further review. If Gregg requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gregg.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*